## Commonwealth, to use, v. Wenger et al.

*George T. Hambright* and *John E. Malone*, for plaintiff.
*Robert Ruppin*, for defendant.

ATLEE, P. J., August 1, 1934.—The plaintiff is The Denver National Bank, doing business in the Borough of Denver, this county. The defendant Minerva B. Wenger resides in East Cocalico Township, this county, and to her letters

testamentary on the estate of Monroe P. Wenger, who died August 4, 1929, were duly granted by the Register of Wills of Lancaster County on August 12, 1929. By certain proceedings had in the Orphans' Court of Lancaster County, whereof the record appears in orphans' court misc. book D-1, p. 335, the said Minerva B. Wenger was authorized to sell at public sale three tracts of land, being part of the estate left by the said Monroe P. Wenger. An order of sale was granted for payment of debts of the decedent. Minerva B. Wenger gave bond in the sum of $30,000, with C. P. Wenger and A. P. Wenger as sureties. The bond was conditioned faithfully to execute the power committed to the executrix in making such sale and truly to appropriate, account for, and pay over the proceeds thereof in accordance with the law of this State and the order of the said orphans' court. In pursuance of the order of the orphans' court, the said Minerva B. Wenger exposed real estate to public sale and sold the same for the sum of $7,900, which she subsequently received, as appears by her first and final account duly filed in the orphans' court of this county. In accordance with the said account, there appeared a balance for distribution of the proceeds of the sale of the real estate amounting to the sum of $6,074.74, and the said executrix was ordered to pay to the plaintiff herein, The Denver National Bank, the sum of $6,519.66, which included the entire balance in the real estate account of $6,074.74, plus $440.92, the dividend awarded to the said Denver National Bank out of the proceeds of the personal estate of the said Monroe P. Wenger. With this order the said Minerva B. Wenger has totally failed to comply. The plaintiff has made demand upon the said C. P. Wenger and A. P. Wenger, sureties as above stated on the bond, to recover from them the sum of $6,074.74, the amount of the balance in the real estate account from said Minerva B. Wenger.

In the plaintiff's statement filed in the action of assumpsit now before the court, the plaintiff asks to have judgment entered against all the said defendants in the sum of $30,000, the amount of the bond given, against the said Minerva B. Wenger in the sum of $6,519.66 with interest thereon from October 29, 1931, and against the said C. P. Wenger and the said A. P. Wenger in the sum of $6,074.74 with interest from October 29, 1931.

The defendants' affidavit of defense admits that the said Minerva B. Wenger has failed to pay to the plaintiff the total sum of $6,519.66, but denies that Minerva B. Wenger has totally failed to comply with the adjudication of the orphans' court. The affidavit admits that C. P. Wenger and A. P. Wenger have refused to pay over to the plaintiff the sum of $6,074.74. The affidavit of defense then goes on to aver the following new matter:

"12. Defendants aver that Minerva B. Wenger deposited to her account, as executrix of the estate of Monroe P. Wenger, deceased, in Lancaster Trust Company of Lancaster, Pa., the sum of $7,600, part of the proceeds of said real estate, and that the said Lancaster Trust Company was a trust company operating under the laws of the Commonwealth of Pennsylvania, then and there open for business and conducting the business of a bank and trust company, including the receiving of deposits, and that said trust company was reputed to be solvent and was believed by said executrix to be solvent.

"13. Defendants aver that the account of the said Minerva B. Wenger, as executrix, was confirmed absolutely by the Orphans' Court of Lancaster County, and that exceptions to the adjudication of said court, filed by the plaintiff herein and based on objections to the failure of the court to remarshal the items of said account, were filed on November 18, 1931, and were dismissed by the said orphans' court.

"14. Defendants aver that on November 19, 1931, plaintiff herein presented a petition to the Orphans' Court of Lancaster County for leave to file exceptions to the account of Minerva B. Wenger, executrix, nunc pro tunc, and that said petition was on January 31, 1932, dismissed by said orphans' court.

"15. Defendants aver that at the time when said exceptions and petition were filed, the moneys on deposit in the said Lancaster Trust Company could have been paid out, and said Minerva B. Wenger, executrix, was ready and willing to pay out the same.

"16. Defendants aver that by reason of the delay in distribution caused by the filing of exceptions to the adjudication of the orphans' court, the said exceptions being wholly without merit, and by the filing of the petition for leave to file exceptions to the account nunc pro tunc, which petition was based on the failure of the plaintiff to file exceptions in time, without averring any good reason for such failure, and not by any fault of the defendants, or any of them, it became impossible to pay out the said sum $7,600, or any part thereof, for the reason that on January 12, 1932, the said Lancaster Trust Company closed its doors and the Secretary of Banking of the Commonwealth of Pennsylvania took possession thereof.

"17. Defendants C. P. Wenger and A. P. Wenger further aver that they had no notice of the filing of the exceptions to the adjudication of the orphans' court and the filing of the petition for leave to file exceptions to the account nunc pro tuns, and that by reason thereof they were prejudiced and discharged as sureties on said bond.

"18. Defendants further aver that since the closing of the said Lancaster Trust Company the defendant Minerva B. Wenger, as executrix of the last will and testament of Monroe P. Wenger, deceased, has liquidated her account in said Lancaster Trust Company to the extent of $1,372.72, in cash, and $1,914 in certificates of deposit of Fulton National Bank, pursuant to a scheme of distribution approved by the Secretary of Banking, by the stockholders and depositors of Lancaster Trust Company and by the Court of Common Pleas of Lancaster County, and that she is and has been ready to pay out the said sums.

"19. Defendants C. P. Wenger and A. P. Wenger deny that there is any sum whatever due by them to the plaintiff, and defendant Minerva B. Wenger avers that there is nothing due whatever by her, individually, to the plaintiff."

To the averments of new matter the plaintiff filed a reply, in which it denies that Minerva B. Wenger, as executrix of the estate of Monroe P. Wenger, deceased, deposited to her account in Lancaster Trust Company the sum of $7,600 and avers on the contrary that the said Minerva B. Wenger on June 9, 1931, invested the said sum of $7,600, funds of the estate in her hands, in a certificate of deposit in Lancaster Trust Company, to be repaid to her 12 months after date, with interest at 4 percent per annum.

The reply then goes on to say:

"15. The plaintiff denies that at the times when the exceptions and petition referred to under 'new matter' were filed the moneys on deposit in the said Lancaster Trust Company could have been paid out and said Minerva B. Wenger, executrix, was ready and willing to pay out the same, and avers on the contrary that according to the terms of the certificate of deposit, hereinbefore referred to, said moneys could not be withdrawn or paid out by the said Minerva B. Wenger until June 9, 1932.

"16. The plaintiff denies that by reason of the delay in distribution caused by the filing of exceptions to the adjudication of the orphans' court and by the

filing of the petition for leave to file exceptions to the account nunc pro tunc, it became impossible to pay out the said sum of $7,600 or any part thereof, and avers on the contrary that the inability of the defendant Minerva B. Wenger to pay out said sum was caused entirely by the fact that she had improperly and illegally invested the same in the certificate of deposit hereinbefore referred to. The plaintiff denies that the said exceptions were wholly without merit, and further denies that the petition for leave to file exceptions to the account nunc pro tunc was based on the failure of the plaintiff herein to file exceptions in time without averring any good reason for such failure. The plaintiff admits that on January 12, 1932, Lancaster Trust Company closed its doors and the Secretary of Banking of the Commonwealth of Pennsylvania took possession thereof.

"17. The plaintiff avers that it has no knowledge and no means of acquiring knowledge whether C. P. Wenger and A. P. Wenger had any notice of the filing of the exceptions to the adjudication of the orphans' court and the filing of the petition for leave to file exceptions to the account nunc pro tunc, and avers that said knowledge is in the sole possession of the said C. P. Wenger and A. P. Wenger. The plaintiff denies that the facts alleged in the seventeenth paragraph of the defendants' affidavit of defense are material, but if deemed material demands proof of the same. The plaintiff denies that the said C. P. Wenger and A. P. Wenger were prejudiced and discharged as sureties on the bond in suit by reason of the fact that they received no notice of the filing of the exceptions to the adjudication of the orphans' court and the filing of the petition for leave to file exceptions to the account nunc pro tunc, and avers on the contrary that failure to receive such notice cannot prejudice the plaintiff in this present action.

"18. The plaintiff admits that since the closing of the said Lancaster Trust Company the defendant Minerva B. Wenger, as executrix of the last will and testament of Monroe P. Wenger, has liquidated her account in the said Lancaster Trust Company to the extent of $1,372.72 in cash, and $1,914 in certificates of deposit of Fulton National Bank, pursuant to a scheme of distribution approved by the Secretary of Banking, by the stockholders and depositors of Lancaster Trust Company, and by the Court of Common Pleas of Lancaster County, but denies that she is and has been ready to pay out said sums, and avers on the contrary that on or about April 14, 1933, the said Minerval B. Wenger offered to distribute said sums of money if the plaintiff herein would accept all said certificates of deposit of Fulton National Bank to the full amount of $1,914 on account of its claim, which offer the plaintiff herein was ready and willing to accept but was unable to do so because the other two defendants herein, C. P. Wenger and A. P. Wenger, refused to agree that the plaintiff herein might accept said certificates of deposit and proposed payment on account without prejudice to any rights which the plaintiff might have against them as sureties on the bond in suit."

Upon the trial of the case, the plaintiff offered the averments of the plaintiff's statement and the admissions of the affidavit of defense and then rested.

The defendant then offered in evidence uncontradicted averments of the new matter in the defendant's affidavit of defense and called Minerva B. Wenger. She testified that when she received the money from the sale of the real estate she obtained the sum of $7,600 and placed it in Lancaster Trust Company, receiving a certificate of deposit. Defendant then being asked for an offer, the defendants by their counsel offered to show by the testimony of Minerva B. Wenger that at the time she deposited this money in Lancaster Trust Company on a certificate of deposit, namely, June 9, 1931, in current funds to the order of

herself, 12 months after date with interest at 4 percent per annum, and marked "not subject to check" she, the said Minerva B. Wenger, had an oral agreement with John L. Ruth, the then president of Lancaster Trust Company, that this fund could be withdrawn at any time prior to the date named on the certificate. To this offer counsel for the plaintiff objected for the following reasons: (1) The evidence was immaterial; (2) it was an attempt to vary the terms of a written contract; (3) the evidence would not be admissible unless the defendant first proved the authority of John L. Ruth to make such an agreement on behalf of Lancaster Trust Company. The objection on the part of the plaintiff's counsel was sustained, and the offer was disallowed. The court refused to allow any testimony as to the nature of the terms of the deposit under which the money was put in Lancaster Trust Company and confined the parties to the terms of the certificate of deposit itself. Without going into the offers and evidence in detail, it becomes apparent that the defendant Mrs. Wenger had offered to make certain payments on account, namely to pay the sum of $1,372.72 in cash and $1,914 in certificates of deposit in Fulton National Bank payable and falling due within the next 2 years. These amounts represented a small amount of cash which was in the hands of the executrix and a dividend of 42 percent on the assets of Lancaster Trust Company. The executrix also offered to pay over whatever was received in the shape of dividends on the remaining 58 percent on deposit in Lancaster Trust Company. C. P. Wenger and A. P. Wenger, surety on Mrs. Wenger's bond, refused to give their consent that Denver National Bank should accept the payment on account without prejudice of its rights against C. P. Wenger and A. P. Wenger as sureties on the bond. C. P. Wenger and A. P. Wenger testified that they had no knowledge of the filing of exceptions to the account. The record in the case contains a copy of the certificate of deposit, a copy of the bond, a copy of the first and final account of Minerva B. Wenger, executrix, and a copy of the court records in the Orphans' Court of the County of Lancaster.

Upon the completion of the testimony, the court instructed the jury to render a verdict in favor of the plaintiff and against the defendant. In accordance with the court's instructions, the jury rendered a verdict for the plaintiff, the Commonwealth of Pennsylvania, and against the defendants Minerva B. Wenger, C. P. Wenger, and A. P. Wenger, in the sum of $30,000, affirming a point submitted by the plaintiff so asking, and a verdict in favor of the plaintiff Denver National Bank and against defendant Minerva B. Wenger in the sum of $6,519.66, together with interest thereon from October 29, 1931, the interest amounting to $979.94, making the total amount of this item of the verdict thus directed, $7,497.60. The court affirmed a point submitted by the plaintiff so asking. The jury also rendered a verdict in favor of the plaintiff, Denver National Bank, and against the defendant C. P. Wenger in the sum of $6,074.74, together with interest thereon from October 29, 1931, the interest amounting to $911.21, the total amount of the verdict being $6,985.95, affirming a point submitted by the plaintiff in so asking; the jury likewise rendered a verdict in favor of the plaintiff Denver National Bank and against A. P. Wenger for a like sum of $6,985.95, the court affirming a point submitted by the plaintiffs so asking.

The court refused without reading to the jury the four points submitted by the defendants as follows:

"1. Under the law and the evidence in this case, your verdict must be for the defendants.

"2. Under the law and the evidence in this case, your verdict must be for the defendant, Minerva B. Wenger.

"3. Under the law and the evidence in this case, your verdict must be for the defendants, C. P. Wenger and A. P. Wenger.

"4. If you believe that Denver National Bank would have received the money awarded to it by the orphans' court but for its delay in filing exceptions and in filing a petition for leave to file exceptions, your verdict must be for the defendants."

To make this opinion intelligible, it has been necessary to set forth at length the details of the pleadings and of the proof. The immediate question for decision by the court is comparatively simple: The Orphans' Court of the County of Lancaster has entered a final adjudication in the nature of a final judgment. Can the defendant in a suit in the common pleas court contest the validity and finality of the findings of the orphans' court?

Under the Act of June 7, 1917, P. L. 447, sec. 46 (g), 20 PS §837, the orphans' court has exclusive jurisdiction of the accounts of all trustees appointed by that court and of all testamentary trustees.

In the instant case, the Orphans' Court of Lancaster County has determined the amount due by the accountant, Minerva B. Wenger. Of course, the instant plaintiff must come into the common pleas court to obtain a judgment against the fiduciaries on the bond and against the executrix so far as she is a party to that bond. The attempt on the part of the executrix to show that money deposited on a certificate of deposit was in fact a general open deposit and not an investment is not permissible in this proceeding. The orphans' court has determined the liability of the accountant and there, so far as this court is concerned, the matter must rest. The adjudication and order to pay entered in the orphans' court remains unappealed from, and so must be considered as a final judgment entitled to the benefit of the doctrine of res judicata. See Von Moschzisker, "Stare Decisis, Res Judicata," etc., 32, 33.

The order of the orphans' court requires Minerva B. Wenger, executrix of the will of Monroe P. Wenger, to pay on or before August 17, 1933, to Denver National Bank the sum of $6,519.66. In an action in the common pleas court, the instant defendants would have the common pleas court rule that a certificate of deposit, as herein described, is to be accepted by the persons entitled to money as and for cash in compliance with an order to pay.

If the accountant is to be relieved from her definite liability as fixed by the orphans' court, the orphans' court will have to relieve the accountant. The court of common pleas cannot so relieve her. In behalf of the defendants, the argument is made that the distribution of the estate was delayed until after the closing of Lancaster Trust Company solely by reason of acts of the plaintiff and that those acts were unjustified. This was a question exclusively for the orphans' court to decide. The defendant has not pleaded that the instant plaintiff, Denver National Bank, ever was a party to any arrangement by which the funds of the estate were deposited on a certificate of deposit in Lancaster Trust Company, and there is no offer to prove in any way that Denver National Bank at any time authorized any such arrangement as was attempted to be proved by Minerva B. Wenger in regard to the certificate of deposit.

After careful consideration of the entire record, the instant court can find no error in the action of the trial court in directing the entry of a verdict for the plaintiff.

The rule to show cause why a new trial should not be allowed is discharged.

The rule to show cause why judgment should not be entered in favor of the defendant notwithstanding the verdict in favor of the plaintiff is discharged.

From Lancaster Law Review.